THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES HEALY, on behalf of himself and all others similarly situated,<br><br>                      Movant,<br>  v.<br><br>CVS HEALTH CORPORATION,<br><br>                      Respondent. | CASE NO. MC22-0065-JCC<br><br>ORDER |

       This matter comes before the Court on James Healy's motion (Dkt. No. 13) to compel CVS Health Corporation's ("CVS") compliance with a third-party subpoena seeking testimony supporting Mr. Healy's suit in a certified class action, *Healy v. Milliman Inc.*, Case No. C20-1473-JCC (W.D. Wash. 2021) ("Certified Suit"). Having thoroughly considered the briefing and relevant record, the Court GRANTS the motion (Dkt. No. 13) for the reasons explained herein.

       Mr. Healy contends that Milliman, Inc. violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, when it (a) sold a report containing Mr. Healy's erroneous medical and prescription history to an insurer and (b) then shifted the burden to correct the report to Mr. Healy. (*See* Certified Suit Dkt. No. 1.) He further contends this experience was not unique. (*Id.*) Following briefing on the issue, the Court granted class certification. (*See id.* at Dkt. No. 127.) According to Mr. Healy, CVS provided data to Milliman, which it used to compile Mr. Healy's

ORDER
MC22-0065-JCC
PAGE - 1

erroneous report. (*See id.* at Dkt No. 102.) Therefore, in order to support claims against Milliman, Mr. Healy seeks testimony from CVS regarding its dealings with Milliman. (*See* Dkt. No. 13-2 at 2–8 (third-party subpoena).) Upon receipt of Mr. Healy's subpoena, CVS objected on myriad grounds[1] and, since then, has refused to make a CVS representative available for deposition. (*See* Dkt. No. 13-3 at 19–28.)

Following unsuccessful e-mail communications and meet and confers, Mr. Healy moved the District Court for the Eastern District of Pennsylvania to compel enforcement of the subpoena. *Healy v. CVS Health Corporation*, Case No. MC21-0090-RBS, Dkt. No. 1 (E.D. PA 2021). That Court transferred the matter to this Court, (*see id.* at Dkt. No. 10), where Mr. Healy has renewed his motion. (*See* Dkt. No. 13.) In opposing, CVS argues that the testimony Mr. Healy seeks is overly broad and burdensome. (Dkt. No. 23 at 7–13.) CVS also contends the testimony is irrelevant, given the classes as ultimately certified by this Court. (*Id.*) In addition, according to CVS, at least some of what Mr. Healy seeks is either propriety or protected health information and cannot be disclosed. (*Id.*) Finally, CVS posits that Mr. Healy could more readily obtain other information directly from Milliman; therefore, it is improper to seek this information from a non-party. (*Id.*) For the reasons described below, the Court does not find CVS's arguments persuasive.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Proportionality is a matter of "the importance of the issues at stake in

---

[1] Those grounds included the following: the topics proposed are vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; the information sought is not proportional to the needs of the case; the cost required to prepare a deponent would greatly outweigh the benefit to Mr. Healy from the information he seeks; and CVS cannot provide much of the information sought, given its confidential and/or proprietary nature. (*See* Dkt. No. 13-3 at 7–16.)

the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking to quash or modify a subpoena bears the burden of showing that the subpoena should be quashed or modified. *Lillywhite v. AECOM*, 2020 WL 4501596, slip op. at 3 (W.D. Wash. 2020) (citing *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966)). However, a party or attorney who issues a Rule 45 subpoena that imposes an undue burden or expense on the recipient may be subject to sanctions. Fed. R. Civ. P. 45(d)(1). And, to the extent that a nonparty's compliance costs are substantial, the Court may award discovery costs to that nonparty. *U.S. v. Columbia Broad. System, Inc.*, 666 F.2d 364, 372 (9th Cir. 1982)

Mr. Healy seeks testimony on the following topics: (1) CVS's understanding of its contract to supply data to Milliman, (2) the server CVS's uses to store and transmit data to Milliman, (3) the process CVS uses to supply data to Milliman, (4) the source of CVS's data, (5) the process it uses to obtain that data, (6) CVS's policies and practices regarding FCRA disputes, (7) details regarding CVS's system, (8) the manner in which CVS's systems interact with Milliman's, (9) CVS's maintenance of medical data, and (10) CVS's maintenance of prescription records. (*See* Dkt. No. 13-2 at 7–8.)

This information is relevant to Mr. Healy's claims, is proportional to the needs of his certified case, is not overbroad, and does not appear to be within Milliman's control. Undoubtedly, some of the information sought would be proprietary. But that is not an appropriate basis to oppose testimony on the topic. The protective order the Court previously entered provides a process to designate certain testimony as confidential. (*See* Certified Suit Dkt. No. 28 at 7.) This is more than adequate to protects CVS's information from unwarranted disclosure.

Finally, the Court does not view the requisite preparation that a deposition on these topics

would require, or the time and expense required in actually testifying, to be unduly burdensome. If, after the deposition is complete, CVS feels otherwise, it may move for fee recovery. But this is not a basis to oppose or quash the current subpoena.

For the foregoing reasons, the Court GRANTS Mr. Healy's motion (Dkt. No. 13). CVS is ORDERED to produce a representative to be deposed on the topics described in Mr. Healy's subpoena (Dkt. No. 13-2 at 2–8) within 45 days of this Order.

DATED this 25th day of August 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE